UNITED STATES DISTRICT COURT
for the
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| MICHAEL NEAL CARPENTIER,<br><br>Plaintiff,<br>v.<br><br>MITCHELL SCHOOL DISTRICT, NO. 17-2 OF DAVISON COUNTY, SOUTH DAKOTA, MITCHELL TECHNICAL COLLEGE, and MARK WILSON,<br><br>Defendants. | Civil No.:   4:23-cv-4183<br><br>**COMPLAINT** |

## PARTIES

1. Plaintiff, Michael Neal Carpentier, is a natural person, who resides at 2310 N. Foster Street, Mitchell, South Dakota, 57301. (Hereinafter referred to as "Plaintiff".)

2. Mitchell School District, No. 17-2 of Davison County, South Dakota, is a local government unit existing as a school corporation under the laws of the State of South Dakota with its principal place of business at 821 North Capital, Mitchell, Davison County, South Dakota, 57301. (Hereinafter referred to as "MSD".)

3. Mitchell Technical College is a South Dakota public postsecondary institution, with its principal place of business at 1800 East Spruce Street, Mitchell, South Dakota, 57301. (Hereinafter referred to as "MTC".)

4. Mark Wilson, is a natural person, who is employed as President of MTC by MSD, and on information and belief, Defendant Wilson is a resident of Davison County,

Complaint 1

South Dakota. At all times relevant hereto, he acted under color of state law. He is sued both in his individual and official capacity.

## JURISDICTION

5. This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's second claim, which is based on state law, under 28 U.S.C. § 1367.

6. Venue in the United States District Court for the District of South Dakota is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7. Plaintiff was party to an annual employment contract as a Teacher with MSD and MTC.

8. The parties to the employment contract were Plaintiff, MSD, and MTC.

9. The employment contract covered a period of time beginning on August 1, 2022, and set to expire on July 31, 2023.

10. This employment contract was executed by Plaintiff, Mark Wilson, the MSD Superintendent, the MSD Business Manager, and the MSD Board President.

11. Plaintiff had been an employed as a Teacher at MTC for a period in excess of five (5) years prior to October 12, 2022.

12. Over the course of the years prior to October 2022, Plaintiff reported numerous complaints to his supervisor at MTC that students were being sexually harassed by an instructor, that said instructor was touching the students in a sexually suggestive manner, that instructor was discussing his preference in pornography with the students, and that students were scared to be left alone with said instructor. Plaintiff

Complaint 2

was informed by his supervisor that the students' complaints were hearsay, and that nothing needed to be done since students talk.

13. Students continued to report complaints to Plaintiff, and Plaintiff aided the students with information on the procedure for filing complaints with the Title XI Coordinator at MTC.

14. On or about October 7, 2022, Plaintiff was involved with a verbal altercation with the instructor herein described.

15. October 10, 2022, was a local, state, and federally recognized holiday by MSD and MTC.

16. On or about October 12, 2022, Plaintiff was instructed to report to a meeting with Mark Wilson. Plaintiff, Mark Wilson, and other representatives of MTC were present for the meeting.

17. During the meeting described in paragraph 15, Plaintiff was informed he was to resign his Teaching position. When Plaintiff would not agree to resign his position, Mark Wilson terminated Plaintiff's employment as a Teacher.

18. Prior to the meeting described in paragraph 15, Plaintiff was not provided with:

    a. Notice of intent to terminate employment,

    b. Notice the Plaintiff had the right to access his employment file,

    c. Notice that Plaintiff could request a hearing before the school board to present reasons why the termination should not occur, or

    d. Notice that Plaintiff had the right to representation at his own expense.

19. After the meeting described in paragraph 15, Plaintiff was not provided with:

    a. Notice the Plaintiff had the right to access his employment file,

Complaint 3

    b. Notice that Plaintiff could request a hearing before the school board to present reasons why the termination should not occur, or

    c. Notice that Plaintiff had the right to representation at his own expense.

20. After his termination, Plaintiff sought out assistance from a member of the MSD Board. Plaintiff informed the board member of the facts of his termination and asked for assistance with the matter. Plaintiff was informed board member would look into the matter and get back with Plaintiff. Plaintiff has not been provided further information from MSD board member.

21. As a proximate result of Defendants' actions, Plaintiff was deprived of his property, employment, compensation, leave. Stipend, salary, and other benefits of employment.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983

22. Plaintiff repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

23. Defendants at all times relevant to this action were acting under color of state law.

24. Defendants unlawfully deprived Plaintiff of his property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

25. At all times relevant hereto, MTC President Mark Wilson acted pursuant to a policy or custom of MSD in depriving Teachers of property without:

    a. Notice of intent to terminate employment,

    b. Notice the Teacher had the right to access his/her employment file,

    c. Notice that Teacher could request a hearing before the school board to present reasons why the termination should not occur, or

    d. Notice that Teacher had the right to representation at his/ own expense.

26. Each of the due process rights described herein are guaranteed to Teachers by South Dakota Codified Law.

27. Teachers have a property interest in employment in South Dakota.

28. Plaintiff notified MSD of the constitutional violation by President Mark Wilson, and MSD either participate in or condoned the conduct of President Mark Wilson.

29. MSD's policy or custom were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff.

## SECOND CAUSE OF ACTION

**Wrongful Termination – Against Defendants MSD and MTC**

30. Plaintiff repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

31. Plaintiff and Defendants MSD and MTC entered into a contract of employment for the period of August 1, 2022, through July 31, 2023, and which was an agreement to do something for the benefit of Defendants.

32. Plaintiff was employed by Defendants MTC and MSD as a Teacher.

33. Plaintiff was entitled to receive compensation pursuant to the contract of employment.

34. On information and belief, Defendants wrongfully terminated Plaintiff's employment in violation of the terms of the contract of employment and in retaliation for reporting allegations of sexual harassment.

**WHEREFORE** Plaintiff prays for the following relief:

1. On his first claim, a judgment for compensatory damages in an amount to be determined at trial, plus reasonable attorney fees, against all Defendants;

2. On his second claim, a judgment for compensatory damages in an amount to be determined at trial against Defendants MSD and MTC;

3. Declaration that Plaintiff be reinstated to his position as a Teacher with the MSD;

4. For allowable compensatory damages in a just and reasonable amount;

5. For allowable past and future special damages, according to proof;

6. For costs of the action and interest provided by law;

7. For such other relief as the Court deems just and proper;

PLAINTIFF DEMANDS A TRIAL BY JURY

Dated: November 3, 2023     Signed: _____
                                    Michael D. Sharp, Esq.
                                    Attorney for Plaintiff
                                    The Sharp Firm, Prof. LLC
                                    PO Box 303
                                    Emery, SD 57332
                                    Office@TheSharpFirm.com
                                    (605) 550-3000
                                    SD Bar No. 4660

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CARPENTIER, MICHAEL, NEAL

## DEFENDANTS
MITCHELL SCHOOL DISTRICT, NO. 17-2 OF DAVISON COUNTY, SOUTH DAKOTA, et al

**(b)** County of Residence of First Listed Plaintiff: Davison
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Sharp Firm, Prof., LLC
PO Box 303, Emery, SD 57332 (605) 550-3000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*        Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
Violation of Due Process Rights in Termination of Teacher and Supplemental Jurisdiction Request for state action Wrongful Termination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: November 3, 2023

SIGNATURE OF ATTORNEY OF RECORD: s/ Michael D. Sharp

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____