UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL NEAL CARPENTIER,<br><br>Plaintiff,<br>vs.<br><br>MITCHELL SCHOOL DISTRICT, *No. 17-2, Of Davison County, South Dakota,* MITCHELL TECHNICAL COLLEGE, and MARK WILSON,<br><br>Defendants. | **4:23-CV-04183-KES**<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff, Michael Neal Carpentier, sued Mitchell School District, NO. 17-2, Mitchell Technical College, and Mark Wilson (collectively defendants), bringing a § 1983 action alleging the defendants deprived Carpentier of a property interest without proper due process required by the Fourteenth Amendment. *See* Docket 1 at 4. Carpentier also brought a retaliation claim and breach of contract claim under state law.[1] *See id.* at 5. Defendants move to dismiss plaintiff's claims under Fed. R. Civ. Pro. 12(b)(6).[2] *See* Docket 8.

---

[1] Carpentier's complaint does not specify whether he pleads his retaliation claim under federal law, state law, or both. *See* Docket 1. Carpentier's responsive briefing to defendants' motion to dismiss, however, only relies on state statutes in arguing his retaliation claim. *See* Docket 11 at 8-9. Carpentier does not cite any federal statutes or case law interpreting federal anti-retaliation law. Thus, the court construes Carpentier's retaliation claim only under state law.

[2] In the alternative, defendants assert that if the court grants defendants' motion to dismiss the § 1983 claim, defendants request the court dismiss

**Background**

Carpentier alleges the following in his complaint:[3]

Carpentier entered an employment contract as a teacher, with Mitchell School District (MSD)[4] and Mitchell Technical College (MTC), starting on August 1, 2022, and ending on July 31, 2023. Docket 1 ¶¶ 2-3. Mark Wilson, the Superintendent of MSD, the MSD Business Manager and the MSD Board President executed the contract. *Id.* ¶ 10. Carpentier was a teacher at MTC for more than five years. *Id.* ¶ 11 Carpentier

During his employment at MTC, Carpentier reported to his supervisor that numerous students had complained of sexual harassment by another instructor. *Id.* ¶ 12. Carpentier alleged that the instructor was "touching students in a sexually suggestive manner," "discussing his preference in pornography with the students," and as a result "students were scared to be left alone with said instructor." *Id.* Carpentier's supervisor stated that the "complaints were hearsay, and nothing needed to be done since students talk." *Id.*

---

Carpentier's state-law claims under Fed. R. Civ. Pro.12(b)(1), due to lack of subject matter jurisdiction. Docket 9 at 10-11.

[3] When deciding a motion to dismiss under Rule 12(b)(6), the court must assume as true all facts well pleaded in the complaint. *See Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995).

[4] Pursuant to SDCL § 13-48-36 and the legal status provided by Mitchell Technical College, the Mitchell School District 17-2 Board retains all powers not expressly given to the State Board of Technical Education in the governing of Mitchell Technical College. *See* SDCL § 13-13A-11.

Following the discussion with his supervisor, students continued reporting complaints to Carpentier. *Id.* ¶ 13. Carpentier provided the students with information on the process for filing a Title IX[5] complaint at MTC. *Id.* Soon after, on October 7, 2022, Carpentier and the instructor about whom students were complaining had a verbal altercation. *Id.* ¶ 14.

On October 12, 2022, Carpentier attended a meeting with Wilson and other MTC representatives. *Id.* ¶ 16. During the meeting, Carpentier was asked to resign. *Id.* ¶ 17. When Carpentier would not agree to resign, Wilson terminated Carpentier. *Id.*

Prior to the meeting where Carpentier was terminated, he was not provided with:

> a. Notice of intent to terminate employment, b. Notice the [p]laintiff had right to access his employment file, c. Notice that [p]laintiff could request a hearing before the school board to present reasons why the termination should not occur, or d. Notice that the [p]laintiff had the right to representation at his own expense.

*Id.* ¶ 18. Further, after Carpentier was terminated, he was not provided with notice that he could: (1) access his employment file, (2) request a hearing before the school board, or (3) obtain representation at his own expense. *Id.* ¶ 19. After his termination, Carpentier reached out to an MSD board member for assistance. *Id.* ¶ 20. The board member said they would "look into the matter" and follow up, but never did so. *Id.*

---

[5]The complaint references Title XI. Docket 1 ¶ 13. Construing the complaint in the light most favorable to Carpentier the court construes this allegation to refer to a Title IX complaint.

**Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). To determine whether each allegation is plausible, the court must read the complaint "as a whole, not parsed piece by piece . . . in isolation[.]" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). In making its determination, the court must construe the complaint's well-pleaded allegations in the light most favorable to the non-moving party. *Faulk v. City of St. Louis, Missouri*, 30 F.4th 739, 744 (8th Cir. 2022).

**Discussion**

I.  **Carpentier's § 1983 Claim**

Carpentier's claim under 42 USC § 1983 is premised on the theory that the defendants, in firing him, violated his rights under the Fourteenth Amendment to the United States Constitution. Docket 1 at 4. Defendants move to dismiss, arguing Carpentier has failed to state a claim upon which relief can be granted. Docket 9 at 1.

4

"Section 1983 provides a federal cause of action against anyone who, acting pursuant to state authority, violates any 'rights privileges or immunities secured by the Constitution and laws' of the United States." *Pediatric Specialty Care, Inc. v. Ark. Dep't of Hum. Servs.*, 293 F.3d 472, 477 (8th Cir. 2002). (quoting 42 U.S.C. § 1983). "The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).

Both parties focus on prong two of Carpentier's § 1983 claim. Carpentier asserts defendants, in wrongfully terminating him without proper notice and opportunity to be heard, deprived Carpentier of his Fourteenth Amendment right to procedural due process. Docket 1 ¶ 24. The Fourteenth Amendment due process clause provides that "a State may not . . . deprive 'any person of life, liberty, or property, without due process of law.' " *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 754 (2010) (quoting U.S. Const. amend. XIV, § 1). "A public employee granted a state law protected property interest in continued employment may not be terminated without due process." *Groenewold v. Kelley*, 888 F.3d 365, 372 (8th Cir. 2018). "A public employee 'receives sufficient due process if he receives notice, an opportunity to respond to the charges before his termination, and post-termination administrative review.' " *Groenewold* 888 F.3d at 372 (quoting *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001)). But to succeed on a procedural due process claim, a

5

plaintiff must first establish that he has a protected liberty or property interest at stake. *Gordon v. Hansen*, 168 F.3d 1109, 1114 (8th Cir. 1999).

     Here, Carpentier's claim turns on whether he had a property interest in his employment. "To have a property interest in employment a person must have a legitimate claim of entitlement." *Packett v. Stenberg*, 969 F.2d 721, 724 (8th Cir. 1992.) Typically, such an interest arises from statutory or contractual limitations on the employer's ability to terminate an employee. *Id.* at 725. Generally, property interests "are created and their dimensions are defined by. . . state law[.]" *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972); *see also Ganley v. Minneapolis Park & Recreation Bd.*, 491 F.3d 743, 749 (8th Cir. 2007) (explaining that property interests are not created by the constitution, but rather "rules or understandings that stem from an independent source such as state law.").

     As such, the court looks to South Dakota law to determine whether those in Carpentier's position have a property interest in their employment. *See Bd. of Regents*, 408 U.S. at 577. Carpentier claims that SDCL § 13-43-6.7 affords him a property interest. Docket 11 at 4. In relevant part, § 13-43-6.7 states[6] that "if termination of a teacher is contemplated under § 13-43-6.1, written

---

[6] Carpentier suggests the court may not consider the South Dakota Codified Law because defendants "introduced [them] from outside of the pleadings . . ." Docket 11 at 4. But courts may properly take judicial notice of statutes — and indeed the work *must* do so in this case to properly analyze Carpentier's procedural due process claim because his claim turns on whether state law affords him a property interest. *See Holst v. Countryside Enter. Inc.*, 14 f.3d 1319, 1322 n.4 (8th Cir 1994) ("Ordinarily, codes, regulations, statutes are, if relevant, established through judicial notice.")

notice of a recommendation for termination shall be presented to the teacher and the school board by the superintendent[.]" Further, the statute requires that the notice "identify the following rights: [a]ccess to the teacher's employment records; [u]pon request, a hearing before the school board to present reasons in person or in writing why the termination should not occur; and [t]he right to be represented at the hearing at the teacher's cost." *Id.* In short, Carpentier argues that these procedural safeguards provide South Dakota teachers a protectable property interest in their employment. *Id.* at 4-7.

Defendants assert that Carpentier cannot premise his alleged interest in his employment on SDCL § 13-43-6.7 because this statute does not apply to faculty, like Carpentier, who are employed at technical colleges like MTC. Docket 9 at 4-5. Additionally, defendants argue that the language of Carpentier's contract with MTC expressly states that the continuing contract provisions provided in SDCL § 13-43-6.7 do not apply to Carpentier's employment. Docket 9 at 7.

The court will first consider whether SDCL § 13-43-6.7 applies to Carpentier. SDCL Ch. 13-43 provides protections for teachers publicly employed by the state of South Dakota. The court cannot, however, read SDCL § 13-43-6.7 in a vacuum. As noted by the South Dakota Supreme Court, "[i]t is a 'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.' " *Expungement of Oliver,* 810 N.W.2d 350, 352 (S.D. 2012) (quoting *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.,* 529 U.S.

7

120, 133 (2000)); *see also Arkansas Times LP v. Waldrip*, 37 F.4th 1386, 1393 (8th Cir. 2022) (federal courts are bound by a state's rules of statutory interpretation when reviewing a statute of that state). In short, "[i]t is inappropriate to select one statute on a topic and disregard another statute which may modify or limit the effective scope of the former statute." *Oliver,* 810 N.W. 2d at 352. (quoting *Appeal of AT & T Info. Sys.,* 405 N.W.2d 24, 28 (S.D. 1987)).

Here, SDCL § 13-39A-39 limits SDCL Ch. 13-43's scope. Section 13-39A-39 expressly states that "[t]he continuing contract provisions set forth in chapter 13-43 . . . *do not apply* to any person performing work for a technical college (emphasis added). Taking the plain language of this statute, which this court is required to do, Carpentier, is expressly exempt from the continuing contract provisions in SDCL Ch. 13-43 because he performs work for a technical college. *See State v. Miranda,* 776 N.W.2d 77, 81 (S.D. 2009) (stating the court must "give words their plain meaning and effect, and read statutes as a whole...." (quotation omitted) Docket 1 ¶¶ 2-3,7-9 (Carpentier alleges he enters into an employment contract with Mitchell *Technical College*) (emphasis added). The plain language of these statutes is clear: SDCL § 13-43-6.7 does not apply to anyone, including teachers, who works at technical colleges. Thus, under South Dakota law, Carpentier does not have a property interest in his employment.[7]

---

[7] Importantly, Carpentier does not allege any facts that he worked as a teacher for the Mitchell School District. *See generally* Docket 1; *See also Wuest v. Winner Sch. Dist. 59-2,* 607 N.W.2d 912, 918 (S.D. 2000) (explaining that under

Second, even if SDCL § 13-39A-39 did not exempt Carpentier from the application of SDCL § 13-43-6.7, defendants assert that Carpentier's employment contract with MTC does. Docket 9 at 7. As an initial matter, the parties disagree on whether the court can consider the contents of the contract. Carpentier argues that the court cannot consider the contract's language because the document is outside of the pleadings. Docket 11 at 9. Thus, Carpentier claims that considering the contract would transform defendants' motion to dismiss into a motion for summary judgment, which would be premature at this time. *Id.* at 1. Defendants claim that the court can review the contract without converting the motion to a summary judgment because the contract is "both integral to Carpentier's claims and referenced in Carpentier's Complaint." Docket 12 at 4. While Carpentier did not attach the contract to his complaint, defendants state that Carpentier "specifically asserts the parties 'entered into a contract of employment' and alleges Mitchell Tech breached such [c]ontract." *Id.*

Federal Rule of Civil Procedure 12(d) generally requires that Rule 12(b)(6) motions containing materials outside of the pleadings be converted into motions for summary judgement. *Hughes v. City of Cedar Rapids,* 840 F.3d 987, 998 (8th Cir. 2016). Unless the court elects to convert a Rule 12(b)(6)

---

South Dakota law, a K-12 teacher "ha[d] a protected property interest in her continued employment with the District."). Furthermore, for reasons explained later in this opinion, the court considers the contract Carpentier signed with defendants, and notes the contract provides that Carpentier "agree[d] to employment *by MTC*[.]" Docket 10-1 (emphasis added). Thus, as alleged, Carpentier's was only an employee of MTC and not the MSD.

motion to one for summary judgment, it may not consider "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003) (quoting *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992)). As such, typically a "Rule 12(b)(6) motion will succeed or fail based upon the allegations contained on the face of the complaint." *Gibb*, 958 F.2d at 816.

"[T]he court[, however,] has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion[,]" *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 701 (8th Cir. 2003) (quotation omitted), and may "consider 'those materials that are necessarily embraced by the pleadings[,]' " *Hughes* 840 F.3d at 998 (quoting *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014)). Such materials include those "incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned[.]" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

Here, it is undisputed that Carpentier did not attach the employment contract to his pleadings. *See generally* Dockets 1, 11. It is similarly undisputed that the employment contract is not "subject to judicial notice, [a] matter[ ] of public record, [an] order[], [or an] item[ ] appearing in the record of

10

the case." *Miller*, 688 F.3d at 931 n.3. Thus, the question is whether the document is "incorporated by reference or integral" to Carpentier's claims. *Id.*

Documents are "integral" when their "contents are alleged in a complaint" and no party questions their authenticity. *Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 831 (8th Cir. 2003). The Eighth Circuit has instructed that "a plaintiff may not avoid an otherwise proper motion to dismiss by failing to attach to the complaint documents upon which it relies. *See Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997) (holding that the statements in question could have properly been considered as a part of the motion to dismiss because they were the sole basis for the complaint and their content was not disputed).

Carpentier references the relevant contract in the facts section of his complaint. *See* Docket 1 ¶¶ 7-10. Carpentier explains that he "was party to an annual *employment contract* as a Teacher with MSD and MTC." *Id.* ¶ 7. Carpentier outlined the details of the contract noting "the parties to the employment contract were Plaintiff, MSD, and MTC." *Id.* ¶ 8. Carpentier also referenced the specific terms of the contract stating "the employment contract covered a period of time beginning on August 1, 2022, and set to expire on July 31, 2023." *Id.* ¶ 9. Carpentier also highlighted that the "employment contract was executed by Plaintiff, Mark Wilson, the MSD Superintendent, the MSD Business Manager, and the MSD Board President." *Id.* ¶¶ 9-10. Carpentier references the employment contract again when he repeats and realleges the facts presented under the first cause of action. *See id.* ¶ 22.

11

Further, the employment contract is integral to Carpentier's § 1983 claim, which hinges on Carpentier's assertion that he, by virtue of his employment as a teacher, was deprived of property without proper due process. *Id.* ¶¶ 25-27. Essentially, Carpentier asserts that his teacher status, which arises from his contract with defendants, affords him a property interest in his employment under SDCL § 13-43-6.7. *Id.* ¶ 26. Thus, Carpentier's claimed property interest flows directly from his contract with MTC. As a result, the contract is integral to Carpentier's § 1983 claim.

When faced with this same issue—whether a former public employee, bringing a § 1983 claim premised on a due process violation had a property interest in his or her employment—courts have looked to the language of the respective contracts, even when the contracts were not attached to the complaint. For example, in *Smith v. Highland Community College* the court considered the contents of two teachers' employment contracts attached to a motion to dismiss. 2023 WL 372016, *1-2 (D. Kan. Jan. 24, 2023). There, the plaintiffs, much like Carpentier, brought § 1983 claims asserting they had a property interest in their public employment as teachers and claimed they had been deprived their Fourteenth Amendment right to procedural due process when they were terminated. *Id.* at 1. In *Smith*, the court found it proper to rely on the plaintiffs' contracts, even though they were not attached to the complaint, because the "contracts [were] both referenced in the [c]omplaint and central to [plaintiffs'] claims[.]" *Id.* at 2. Similarly, in dismissing a § 1983 claim in *Milazzo v. O'Connell,* the court relied on a personnel policy manual attached

12

to the motion to dismiss. *Milazzo v. O'Connell*, 925 F. Supp. 1331, 1338 n.4 (N.D. Ill. 1996), *aff'd,* 108 F.3d 129 (7th Cir. 1997). In *Milazzo*, the plaintiff brought a § 1983 claim asserting that her firing without "disclosure of the charges made, factual findings, and an opportunity for a hearing" violated procedural due process. *Id.* at 1337. In citing to the manual, the court noted "we are not going beyond the bounds of the complaint . . . [a]lthough Milazzo did not attach the manual to her complaint, she refers to it and appears to rely on it." *Id.* at 1338 n.4. The Court finds the approach in *Smith* and *Milazzo* and adopts it here.

Thus, because Carpentier's employment contract is referenced in the pleadings and integral to Carpentier's argument, the court may consider the employment contract. Turning to Carpentier's contract, it expressly excludes application of SDCL § 13-43-6.7. Docket 10-1. The contract states "[f]aculty specifically acknowledges that the continuing contract laws of South Dakota have no application to his/her employment with MTC." *Id.* Thus, SDCL § 13-43-6.7 does not apply to Carpentier and as a result, Carpentier had no protectable interest in his employment. Because Carpentier cannot establish a property interest that he was deprived of, his § 1983 claim premised on the Fourteenth Amendment fails in its entirety.

## II.   Carpentier's State-Law Claims

In the event that the court dismisses Carpentier's § 1983 claim, which it has, defendants also move to dismiss Carpentier's state-law claims based on lack of jurisdiction. Docket 9 at 10. Generally, "[f]ederal courts are courts of

13

limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Supreme Court also noted, "statutory law as well as the Constitution may limit a federal court's jurisdiction over nonfederal claims[.]" *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372 (1978).

Carpentier brings his federal claim under federal question jurisdiction pursuant 28 U.S.C. §§ 1331 and 1343. Docket 1 ¶ 5. Federal question jurisdiction allows "all civil actions arising under the Constitution, laws, or treaties of the United States" to be brought in federal court. 28 U.S.C. § 1331. Carpentier contends that he was "unlawfully deprived of his property without due process of law, in violation of the Fourteenth Amendment to the Constitution," which would satisfy the requirements for federal question jurisdiction. Docket 1 ¶ 24. As noted above, however, Carpentier's § 1983 claim is dismissed.

Thus, the court must consider the state-law claims for wrongful termination and retaliation. Docket 1 ¶ 5. Because this case is before the court based on federal question jurisdiction, *see id.*, Carpentier's state-law claims implicate this court's supplemental jurisdiction. Under 28 U.S.C. § 1367, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within . . . original jurisdiction that they form part of the same case or controversy . . . ." Although the court agrees that Carpentier's state-law claims form part of the same "case or controversy,"

because Carpentier's federal-law § 1983 claim has been dismissed, the court declines to exercise its supplemental jurisdiction. *See Elmore v. Harbor Freight Tools USA, Inc.* 844 F.3d 764, 767 (8th Cir. 2016). This case is at the infancy as it is at the motion to dismiss stage, and the court believes it would be more convenient for the parties to litigate the state-law claims in South Dakota State Court. *See id.*

## Conclusion

Based on the foregoing, Carpentier's § 1983 claim fails because he has no property interest in his employment. And because the court dismissed Carpentier's federal claim, the court declines to exercise supplemental jurisdiction over Carpentier's state-law claims. Thus, it is

ORDERED that defendant's motion to dismiss is granted.

Dated July 31, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE